## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAUREN S. KRUSKALL, | : | No. |
| Plaintiff, | : | |
| vs. | : | Filed Electronically |
| SALLIE MAE SERVICE, INC., SLM CORP and DOES LISTED BELOW, | : | **NOTICE OF REMOVAL** |
| Defendants. | : | |

Pursuant to 28 U.S.C. § 1331, 28 U.SC. § 1367, 28 U.S.C. § 1441 and 28 U.S.C. 1446, Defendant SLM Corporation ("SLM"), by and through its undersigned counsel, hereby removes to the United States District Court for the District of Massachusetts the case styled as Lauren S. Kruskall v. Sallie Mae Service, Inc., et al., C.A. NOCV2014-01091 (the "State Court Action"), originally filed in the Superior Court of Norfolk County, Massachusetts.

### THE REMOVED CASE

As grounds for removal, SLM states as follows:

1.      On August 7, 2014, Plaintiff, Lauren S. Kruskall ("Plaintiff"), initiated the State Court Action by filing a Complaint against SLM and Navient Solutions, Inc. ("Navient"), formerly known as Sallie Mae, Inc. and misidentified in the Complaint as "Sallie Mae Service, Inc." (collectively, "Defendants").  Plaintiff asserted four Massachusetts state law causes of action for including Negligent Misrepresentation, Breach of Contract, Fraud, and Bad Faith.  A copy of the original Complaint is attached hereto as Exhibit 1.

2.      On November 25, 2014, Plaintiff filed a request to enter default against Navient and SLM for failure to file a responsive pleading.  However, Plaintiff failed to serve Navient.  Therefore, on December 9, 2014, the Clerk of the Superior Court, County of Norfolk, issued a "Notice of Docket Entry," which confirmed that only SLM had been served, and that Plaintiff's request to enter default would only be considered against SLM.  A copy of the Court's docket entry is attached hereto as Exhibit 2.

3.      SLM subsequently filed a motion to vacate the entry of default, which the Court granted on February 18, 2015.  A copy of the Court's order is attached hereto as Exhibit 3.

4.      On April 20, 2015, SLM and Plaintiff filed a joint Stipulation allowing Plaintiff to serve a First Amended Complaint by April 20, 2015, without leave of court.  A copy of the parties' joint Stipulation is attached hereto as Exhibit 4.

5.      On April 20, 2015, Plaintiff served SLM's counsel with the First Amended Complaint; however, as of the date of this filing, the State Court docket has not yet been updated to reflect the filing of Plaintiff's First Amended Complaint.  Pursuant to 28 U.S.C. §1446(a), a copy of the Plaintiff's Amended Complaint is attached as Exhibit 5.

6.      Because Navient has not been properly served with either the original Complaint or the Amended Complaint, its consent to this removal is not required.  See 28 U.S.C. § 1446(b)(2)(A).[1]

---

[1]     At the time of filing of this Notice of Removal, Plaintiff has not served Navient with any process.  The Clerk's December 9, 2014 "Notice of Docket Entry" confirms that Plaintiff has not served Navient with the original Complaint or a Summons.  Plaintiff also has not served Navient with the First Amended Complaint.  In that regard, counsel for SLM has not accepted service on behalf of Navient, nor does the docket in the State Court Action reveal any attempts to serve Navient by alternate means.  Accordingly, SLM is the only party who has been served with process, and consent by Navient to this removal is not required.

7.     In the Amended Complaint, Plaintiff alleges for the first time that SLM violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), by allegedly using an "automatic telephone dialing system" to call Plaintiff's cell phone in an attempt to purportedly collect a debt, without her consent.  (Am. Compl. ¶¶ 9-12, 19-26.)

8.     Plaintiff also alleges for the first time that SLM violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by allegedly disregarding a purported "cease and desist" request with regard to collect a debt owed by Plaintiff.  (Am. Compl. ¶¶ 12-13, 27-30.)

9.     Because Plaintiff has asserted claims arising under the FDCPA and TCPA, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10.     In addition to the federal TCPA and FDCPA claims, the Amended Complaint also purports to assert claims against SLM for Bad Faith (Count III) and Intentional Infliction of Emotional Distress ("IIED") (Count IV).

11.     Plaintiff's Bad Faith and IIED claims, however, are both based on the same facts on which Plaintiff bases her FDCPA and TCPA claims – that SLM allegedly engaged in unlawful conduct with respect to its attempts to collect a debt owed by Plaintiff.

12.     Accordingly, this Court has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so related to her federal claims that they form part of the same case or controversy.  See 28 U.S.C. § 1367(a).

13.     Consequently, federal subject matter jurisdiction is proper over the entire case pursuant to 28 U.S.C. § 1441.

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within less than thirty days after filing and service of the Amended Complaint on SLM's counsel in the State Court Action.

15.     This Court is the United States District Court for the district within which the State Court Action is pending.  The State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed with the Clerk of the Norfolk County, Massachusetts, Superior Court, and served on Plaintiff.  A copy of the Notice to the State Court of Filing of Notice of Removal is attached as Exhibit 6 hereto.

17.     In filing this Notice of Removal, SLM reserves any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, venue, and statutes of limitation.

WHEREFORE, SLM hereby removes the State Court Action to the United States District Court for the District of Massachusetts.

5

Respectfully submitted,

SLM CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


  /s/ Devon H. MacWilliam
Devon H. MacWilliam (BBO#688875)
David J. Pellegrino (BBO#664459)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
dhm@psh.com /djp@psh.com


Dated:   May 5, 2015

5

### **Rule 7.3(A) CORPORATE DISCLOSURE STATEMENT**

Pursuant to Local Rule 7.3(A) of the United States District Court for the District of Massachusetts, Defendant, SLM Corporation, states that SLM Corporation is a publicly traded Delaware company.

### **CERTIFICATE OF SERVICE**

I, Devon H. MacWilliam, hereby certify that on May 5, 2015, I caused the foregoing Notice of Removal, and accompanying exhibits, to be electronically filed via the Court's ECF system. The foregoing documents are available for viewing and downloading from the PACER system.

I further certify that on this date, I served a copy of the foregoing document by first class mail, postage pre-paid and by certified mail, return receipt requested, to: Lauren S. Kruskall, P.O. Box 418, Dover, MA 02030.

Dated: May 5, 2015                    _/s/ Devon H. MacWilliam _____