# EXHIBIT 1

# COMPLAINT

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
8/7/14

LAUREN S. KRUSKALL,

    Plaintiff

14 01091

v.

SALLIE MAE SERVICE, INC, SLM CORP
    and DOES listed Below.

    Defendants

**COMPLAINT FOR NEGLIGENT MISREPRESENTATION, BREACH OF CONTRACT, FRAUD, AND BAD FAITH.**

**Plaintiff alleges the following information. Plaintiff is unsure of the actual names of all defendants listed below, and is therefore suing defendants based on the actual/and or fictitious names given, as listed below. Plaintiff will amend complaint to reflect actual names and professional positions once they have been confirmed.**

1. Defendants SALLIE MAE Service Inc, and SLM Corp, henceforth referred to as "SLM Defendants," are businesses authorized to practice in the state of Massachusetts to promote and provide private loan funding for students.

2. Defendants JOHN DOES including, but not limited to, Lisa Dowling, Karen DOE, Gladys DOE, and John Kane are employees/and or agents acting as such in conjunction with other employees in those referenced capacities.

3. Each defendant was an employee acting on behalf of said agency, with all permission of the principal leadership. The acts and general conduct alleged herein were recognized and authorized by the other individual defendants and the entire group.

4. While Plaintiff Lauren S. Kruskall was engaged in interaction with SLM Defendants, they alleged that they were professionally advising Plaintiff by assisting her in the application and retrieval of private loan education funding.. Based on needs specified by Lauren, DOES recommended specific financial funding they deemed appropriate for her circumstances. Because of financial and other benefits agreed upon by engaging SLM Defendants, Lauren initiated loan financial interactions with SLM Defendants.

5. Based on agreements specific to the loans disbursed by SLM Defendants, in conjunction with the laws of the United States in regard to Fair Debt Collecting and

Business Practices, SLM Defendants are obligated to adhere to all contractual stipulations and laws pertaining to such engagements.

6. Plaintiff Lauren S. Kruskall complied with all the provisions pertaining to her loan obligations, including but not limited to, upkeep of financial obligations, which therefore make the contracts fully effective.

7. During the effective loan and contractual period, and for reasons including, but not limited to, fraudulent misrepresentation of products by SLM Defendant that will be further detailed below, Lauren Kruskall became unable to continue scheduled monthly payments.   At this time, SLM Defendants modified elements of the original contract without conferring with plaintiff prior to modification.

8. 8. SLM Defendants knowingly engaged in several predatory forbearance practices with the plaintiff.

9. SLM Defendants knowingly engaged in excessive "brute force" phone call and other communication tactics.

10. After admission of violation of Fair Debt Collecting and Business Practices, John Kane and SLM Defendants offered in conjunction with this admission a written settlement for the loans.

11. John Kane, Lisa Dowling and SLM Defendants suddenly ceased communication with Plaintiff regarding any admissions of fault, settlements and other matters initiated by SLM Defendants regarding contractual agreements with SLM.

12. Plaintiff is seeking damages from the SLM Defendants, and claims that each individual named as well as the group are liable for said damages.

First Cause of Action

NEGLIGENT MISREPRESENTATION (AGAINST ALL DEFENDANTS)

1. Plaintiff realleges 1-12 of this complaint as fully set forth.

2. Through various methods of solicitations and representations, SLM Defendants advised Lauren Kruskall of their claimed expertise and reputation as a financial private loans company.   They also assured her that her loans would be handled properly and fairly.   In addition, they claimed her loans were appropriate and manageable both short and long term for for her enrolled academic program and projected financial future.

3. Prior to the initiation of loans, Lauren Kruskall clearly stated her profession, employment, financial status and planned degree program to the defendant.   She also clearly stated that she would not proceed with the loan disbursement in the

event that SLM Defendants did not believe that the repayment contract was realistic, fully disclosed and achievable for the Plaintiff given her unique situation.   SLM Defendants assured her the loan structure was indeed appropriate given the circumstances.

4.    16.    SLM Defendants advised Plaintiff that their company was particularly expert in recommending and dispersing private loans to students because of their history and comprehensive loan typology.

5.    Lauren Kruskall trusted these assertions and relied upon the SLM Defendants when engaging in loan withdrawal.   She never suspected that the defendants would have ulterior motives that caused them to purposefully provide inaccurate information in regards to dispersing loans.

6.    18.    SLM Defendants made these false representations with the goal of getting Lauren Kruskall to engage in loans from SLM Defendants for egregious and unrealistic payback amounts.   SLM Defendants did not consider the consequences that Lauren Kruskall, given her financial status, employment, and projected degree, would not be able adhere to the loan terms given.

7.    19.    Lauren Kruskall has been damaged as stated previously in 13-19.

Second Cause of Action

BREACH OF CONTRACT (Against all Defendants)

20. Plaintiff realleges 1-19 of this complaint as fully set forth.

21. SLM Defendants issued loans which Lauren Kruskall complied with in good faith and to the best of her knowledge acquired at the time of engagement.

22. During the course of the loans, SLM Defendants modified Plaintiff's loan contract including, but not limited to, percentage rates, fees, and payback schedules, without timely notification, and in certain circumstances, without any notification whatsoever.

23. In addition, SLM Defendants failed to notify Plaintiff as required by law in regards to reporting to credit agencies.

24. Since SLM Defendants have failed to honor their own policies as stated in their literature and in accordance with the laws of the United States, they are liable for Breach of Contract.

25. As a result of the SLM Defendants actions, Lauren Kruskall has been damaged as stated previously in 20-24 above.

Third Cause of Action

FRAUD (Against all Defendants)

25. Plaintiff realleges 1-25 of this complaint as fully set forth.

29. SLM Defendants were either aware of the false representations above, yet made them anyway to gain a monetary contract, or they made the above representations in a reckless manner.

30. Continuing in this vein, SLM defendants made representations to Ms. Kruskall that entering into multiple forbearance payments would benefit her financially.

31. Ms. Kruskall was unaware of SLM Defendants history of false representations in regards to forbearance payments.   As cited in multiple case law examples at the Individual and Class Action level, forbearance practices are considered predatory lending tactics, and were used in this particular instance to benefit various DOES in a complex, secretive bonus structure.   This subsequently increased Plaintiff's long term borrower burden.

32. SLM defendants fraudulently purported to help her with forbearance payments. The forbearance payments were not used as a tool to help reduce the loan burden, but as a severe punishment to the plaintiff "David" compared to the minute monetary gain of SLM Defendants. "Goliath."

33. As a result of the SLM Defendants actions, Ms. Kruskall has been damaged as stated previously in 25-32 above.


Fourth Cause of Action

BAD FAITH

34. Plaintiff realleges 1-33 of this complaint as fully set forth.

35. SLM Defendants had a duty to perform in good faith and fair dealing in regards to the disbursement and collection of Lauren Kruskall's loans and would have no reason or allowance to harass Plaintiff purposefully.

36. SLM Defendants had a duty to perform in good faith and fair dealing in regards to communication regarding the policy with Ms. Kruskall, and would have no reason or allowance to harm, dissuade or deter Ms. Kruskall, including, but not limited to excessive phone calls, verbal threats or ceased communication.

37. SLM Defendants violated the covenant of good faith and fair dealing as set forth below.

1. Admitting fault for statements listed above, and refusing to take responsibility for such admission subsequently.

II. Purposefully depriving Lauren Kruskall of engaging in a proposal set forth initially by the SLM Defendants.

III. Using threatening language and/or intimidations to entice Ms. Kruskall into making payments.

IV. Refusing to give Lauren Kruskall's interests as much consideration as SLM Defendants they gave their own employees, as exemplified (but not limited to) in written correspondence, which is undeniably self-focused.

38. As a result of the Defendants actions, Ms. Kruskall has been damaged as stated previously in 34-37 above.    In addition to contractual obligations, plaintiff seeks from defendants punitive damages as stated below.

1. Damages

2. General Damages

3. Exemplary Damages

4. Any other damages and relief the court finds appropriate.

JURY TRIAL IS HEREBY DEMANDED.

By:

Lauren S. Kruskall

Plaintiff.

PO Box 418,

Dover, MA 02030

#617-816-6087

Buki418@aol.com

SLM Corporation
300 Continental Dr
Newark, DE 19713





Lauren S Krockett
PO Box 418
Dover, MA 02030

SLM Corporation
300 Continental Dr
Newark, DE 19713

CERTIFIED MAIL

7013 1090 0002 4403 5076

RETURN RECEIPT REQUESTED