UNITED STATES DISTRICT COURT FOR THE STATE OF MASSACHUSETTS

Lauren S. Kruskall,

Plaintiff,

v.                                                    1:15-cv-11780

Sallie Mae Service, Inc., SLM Corp. and Does listed Below,

Defendants,

## OPPOSITION TO MOTION TO DISMISS

Plaintiff hereby submits Opposition to Motion to Dismiss ("Motion") submitted

originally by Defendant for the reasons set forth below.

## LEGAL STANDARD

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rule

12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S. 41 (1957),

the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as

follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

1

in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In Bell

Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised

regarding the "no set of facts" test and clarified that "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint," Id. at 563.

It is "only the extraordinary case in which dismissal is proper" for failure to state

a claim. United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A court

may dismiss a complaint as a matter of law only if the complaint: (1) lacks a cognizable

legal theory; or (2) fails to contain sufficient facts to support a cognizable legal claim.

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). When ruling

on a motion to dismiss, the court must assume that the complaint's factual allegations

are true and should construe all inferences from them in the non -moving party's favor.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Balistreri v. Pacifica Police Dept.,

901 F.2d 696, 699 (9th Cir. 1990). Although conclusory allegations are insufficient to

defeat a Fed. R. Civ. P. 12(b)(6) motion, the federal rules only require that the plaintiff

put the defendant on notice as to what the legal claim is and the grounds upon which

the claim rests. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1155 (9th Cir.

1989). Plaintiffs' complaint contains cognizable legal theories and sufficient facts to

support a cognizable legal claim. Thus, defendant's motion to dismiss should be denied.

## ARGUMENT

1. Under the legal standard, Plaintiff's Complaint is sufficient to withstand the Defendants' motion to dismiss. The plausible allegations in the Complaint support the claim that Plaintiff was harmed.

2. Defendant is not denying the factual allegations set forth in the claim, including the existence of a loan and correspondence between the Plaintiff and Defendant regarding that loan.  Rather, the Defendant is requesting particularities including, but not limited to, values, timestamps and names corresponding to the loan that are 1.) Not a pre-requisite of the pleading stage, 2.) Withheld by the Defendant from the Plaintiff when she requested them prior to filing this complaint and 3.) Already known by the Defendant, who has the burden to provide these particularities to the Plaintiff at a subsequent stage of discovery.

3. Defendant is not denying the allegations set forth in the claim, including the existence and usage (or misusage) of an automatic telephone dialing system "ATDS".  Rather, the Defendant is requesting particularities including, but not limited to, values, timestamps and names corresponding to the loan that are 1.) Not a pre-requisite of the pleading stage, 2.) Withheld by the Defendant from the Plaintiff when she requested them prior to filing this complaint and 3.) Already known by the Defendant, who has the burden to provide those particularities to the Plaintiff at a subsequent stage of discovery.

4. If the Defendant is not a debt collector as It claims, but a creditor under the FDCPA, Defendant is still liable for debt collecting behavior that includes 1.) Unfair Acts or Practices, 2.) Deceptive Acts or Practices and 3.) Abusive Acts or Practices. Dodd-Frank Act, §§ 1002, 1031 & 1036(a), codified at 12 U.S.C. §§ 5481, 5531 & 5536(a). The Plaintiff alleges the defendant therefore may be in violation of the following:

a. "Collecting or assessing a debt and/or any additional amounts in connection with a debt (including interest, fees, and charges) not expressly authorized by the agreement creating the debt or permitted by law." Id.

b. "Tak(ing) unreasonable advantage of – (A) a consumer's lack of understanding of the material risks, costs, or conditions of the product or service; (B) a consumer's inability to protect his or her interests in selecting or using a consumer financial product or service; or (C) a consumer's reasonable reliance on a covered person to act in his or her interests." Id.

c. "Threatening any action that is not intended or the covered person or service provider does not have the authorization to pursue, including false threats of lawsuits, arrest, prosecution, or imprisonment for non-payment of a debt." Id.

d. "Misrepresenting to consumers that their debts would be waived or forgiven if they accepted a settlement offer, when the company does not, in fact, forgive or waive the debt." Id.

Under section #33 of Count III in her complaint, the plaintiff claims "the defendant made misrepresentations to Plaintiff that entering into multiple forbearance payments would benefit her financially."

Under section #39 of Count IV in her complaint, the plaintiff claims Defendant "breached this duty (to act reasonably) by using threatening language and/or intimidations to induce and or scare the Plaintiff into making various forms of payment. Defendant told Plaintiff consequences would include, but weren't limited to, seizure of Plaintiff's personal bank accounts, arrest of Plaintiff, separation of Plaintiff from her family and, representatives showing up unannounced at Plaintiff's place of residence."

Under the Factual Allegations section #13-14 of her complaint, the Plaintiff claims that "or around 2011, Defendant admitted to excessive contact and disregard for the cease and desist order. Representing the Defendant, John Kane and DOES offered in conjunction with this admission a written settlement for the loans…During negotiations, Plaintiff provided addition information to Defendant regarding violations of DOES representing the corporation, and mentioned potential litigation.  John Kane, Lisa Dowling and DOES ceased all contact with Plaintiff."

In the alternative, Plaintiff asserts Defendant can be considered a debt collector because "the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Fair Debt Collections Practices Act, § 803 codified at 15 U.S.C. § 1692(a). The defendant admits in its response to the complaint, as well as

in filed motions, it has several monikers in use, some of which were used when contacting the Plaintiff for the purposes of debt collecting.  In addition, the Defendant would often withhold its identifying information completely when contacting the Plaintiff.

5. There is no claim of fraud in the Plaintiff's complaint that requires a heightened pleading standard. To plead bad faith as required for the breach of the duty of good faith and fair dealing, a plaintiff is not required to plead allegations of fraud with particularity; instead, it may plead deception and sinister motive to satisfy the bad faith element. Andersen v. Governor & Co. of the Bank of Ireland, 2011 WL 6001621, *6 (D. Conn.).  As discussed in the complaint, and supra, the Defendant made various representations due to ulterior motives of financial gain that materially effected and subsequently harmed the Plaintiff.

6. To establish a claim for IIED, plaintiff must show that: 1) defendant acted with the intent to inflict severe emotional distress on plaintiff; 2) plaintiff in fact suffered severe emotional distress; and 3) defendant's conduct extraordinarily transgressed the bounds of socially acceptable behavior. Sheets v. Knight, 308 Or. 220, 236, 779 P.2d 1000 (1989). The element of intent is met if the actor intends to inflict severe emotional distress or knows that emotional distress is certain or substantially certain to result from the actor's conduct. McGanty v. Staudenraus, 321 Or. 532, 550, 901 P.2d 841, 853 (1995).

Normal behavior can be construed as extreme and outrageous if it is continuous and repetitive in nature, or of a defendant's conduct did not derive from a single incident but a continuing course of conduct and series of events. Brewer v. Erwin 287 Or 456-460 (1979); Turman v. Central Billing Bureau, 279 Or 443, 445-446,568 P2d 1382 (1977)

The Defendant's calls to the Plaintiff "were placed within as little as 15 minutes of each other" and threatened  "seizure of Plaintiff's personal bank accounts, arrest of Plaintiff, separation of Plaintiff from her family and, representatives showing up unannounced at Plaintiff's place of residence."  This behavior was employed to both curtail the Plaintiff's communication and to instill a fear so severely debilitating, the Plaintiff would be forced into making payments that were unlawful and outside the boundaries of the contractual agreements.


7. Viewing all facts set forth in the Complaint as true and in a light most favorable to the plaintiff, Defendant has failed to meet their burden of showing that Plaintiff is not entitled to any relief. The Defendant's motion also asks the Court to determine conclusions of law that are more appropriately addressed by a finder of fact.

## CONCLUSION

The Defendants have failed to meet their burden sufficient to sustain dismissal. For the reasons stated above, Plaintiff respectfully requests that the Defendant's Motion to Dismiss be denied.

Respectfully submitted,

_____

Lauren S. Kruskall

PO Box 418

Dover, MA 02030

#617-816-6087

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's OPPOSITION TO MOTION TO DISMISS was mailed to the defendant's counsel at

PARTRIDGE, SNOW & HAHN, LLP.▮40 Westminster St, Ste 1100▮Providence, RI 02903

5|22|15

Lauren S. Kruskall